UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GEORGE EDWARD PURDY,**
**INSTITUTIONAL ID NO. 2187077,**

   Plaintiff,

v.                                                  No. 4:22-cv-0264-P

**LINDA THOMAS, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Plaintiff George Edward Purdy, a state prisoner proceeding pro se and *in forma pauperis* (IFP), filed an amended civil-rights complaint about the conditions of his confinement in Bridgeport Correctional Center (BCC).[1] *See* ECF Nos. 17, 23. Purdy claims that Defendants Linda Thomas, the senior warden of BCC, and Betty Milligan, its mailroom supervisor, in their individual capacities, violated his constitutional right of access to the courts. He alleges that they intentionally delayed processing his appellate filing fee payment, which resulted in the United States Court of Appeals for the Fifth Circuit dismissing his appeal of a lower court judgment dismissing his federal habeas petition that attacked his state convictions. He seeks damages and injunctive relief under 42 U.S.C. § 1983.

Defendants filed a motion to dismiss Purdy's claims under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 28. Defendants argue that (1) they are entitled to qualified immunity because Purdy fails to state a constitutional violation; and (2) Purdy's claims for injunctive relief are not cognizable under § 1983.[2]

---

[1] When Purdy filed this action, he was incarcerated in BCC. He is currently incarcerated in the TDCJ LeBlanc Unit in Beaumont, Texas, where he is serving several sentences for multiple sexual assault offenses, three of which involved a child. *See* https://inmate.tdcj.texas.gov/InmateSearch.

[2] Purdy filed a response, and Defendants filed a reply. *See* ECF No. 38, 41. Purdy also filed a sur-reply. *See* ECF Nos. 42, 43.

As explained below, Defendants' motion is **DENIED** in part and **GRANTED** in part.

## BACKGROUND

In his amended complaint, Purdy includes the district court and appellate court case numbers related to his underlying habeas petition. *See* ECF No. 17 at 5. Thus, the Court takes judicial notice of the following adjudicative facts, which are not disputed and gleaned from public court records found on PACER.[3] See *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (explaining that judicially noticed facts may be considered in ruling on a motion to dismiss). The Court also incorporates facts alleged by Purdy in his complaint and deduced from documents attached to it.

In August 2020, Purdy filed a 28 U.S.C. § 2254 federal habeas petition challenging his three 2018 Kendall County sexual assault convictions in the United States District Court, Southern District of Texas, San Antonio Division. On May 20, 2021, United States District Judge Xavier Rodriguez dismissed Purdy's petition as barred by the applicable statute of limitations. On June 4, 2021, Purdy filed a notice of appeal.

On June 14, 2021, the Fifth Circuit notified Purdy that he must ether pay the $505 filing fee or file an IFP application in the district court within 15 days. Purdy alleges that he immediately attempted to pay the filing fee by filling out the appropriate withdrawal form and ensuring that the correct postage and mailing addresses were used. On June 18, 2021, Warden Thomas approved Purdy's request to withdraw $505 from his inmate account to pay the appellate filing fee. *See* ECF No. 17 at 21.

On June 25, 2021, the United States Court of Appeals for the Fifth Circuit granted Purdy an extension of time, giving him until July 29, 2021 to either pay the $505 filing fee or file an IFP motion. On August 4, 2021, the Fifth Circuit dismissed Purdy's appeal for want of prosecution because he failed to timely pay the fee.

---

[3]*See Purdy v. Lumpkin*, No. 5:20-CV-00944-XR (S.D. Tex. Aug. 10, 2020); *see also Purdy v. Lumpkin*, No. 21-50482 (5th Cir. 2021). PACER (Public Access to Electronic Records) is an official website of the United States Government. *See* http://pacer.uscourts.gov.

Almost a month later, on August 31, 2021, Purdy's withdrawal request form was returned to him because it was missing a "ITF-25 Header page." *See* ECF No. 17 at 23.

On September 14, 2021, Purdy filed a motion to reinstate his appeal on the ground that prison officials delayed processing his fee payment. On October 26, 2021, the Fifth Circuit denied the motion to reinstate. On November 9, 2021, the Fifth Circuit received Purdy's fee payment.

## LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Under this standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege *facts* (emphasis added) that support each element of the cause of action in order to state a valid claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010). Factual allegations must be enough to raise a right to relief above the speculative level. *City of Clinton, Ark.*, 632 F.3d at 153 (citing *Iqbal*, 556 U.S. at 678). The court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citations omitted). Further, any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citing *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint; (2) documents attached to the complaint; and (3) matters of which judicial

notice may be taken under Federal Rule of Civil Procedure 201. *Walker*, 252 F.3d at 735 (citations omitted). Judicial notice may be taken of matter of public record. *Id.* Documents attached to a motion to dismiss or to a response to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to his claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### B. Qualified Immunity

The doctrine of qualified immunity protects public officials from liability for civil damages insofoar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (citations omitted).

Courts undertake a two-pronged analysis to determine whether a government official is entitled to qualified immunity, inquiring: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged conduct. *Id.* (citations omitted). Courts exercise their discretion in deciding which of the two pongs of the qualified immunity analysis should be addressed first. *Id.*

A clearly established right is one that is sufficiently clear that every reasonable officer would have understood that what he is doing violates that right. *Id.* The Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality. *Id.* (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). The dispositive inquiry is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. *Id.*

When confronted with a qualified-immunity defense at the pleading stage, the plaintiff must plead facts which, if proved, would defeat the claim of immunity. *Id.* (citing *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). The pleading standards remain the same when a motion to dismiss is based on qualified immunity. The crucial question is whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983, and would overcome their qualified

4

immunity defense. *Id.* (citing *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (internal quotations and citations omitted). At the motion to dismiss stage, it is the plaintiff's burden to demonstrate that qualified immunity is inappropriate. *Id.* (citations omitted).

**B.  42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Prisoners have a constitutionally protected right of access to the courts, which is founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses. *See Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (citations omitted). Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citing *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986)). Arguably, withholding access to a prison account to pay for legal fees could, at a minimum, cause a delay in access to the courts. *Id.* Withholding money from a prison account could also effectively deny access to obtaining an attorney, filing a complaint, or mailing other legal documentation. *Id.*

In *Lewis v. Casey*, 518 U.S. 343, 350 (1996), the Supreme Court held that an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct. *Id.* (citing *Lewis*, 518 U.S. at 351–54). This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotation omitted)).

Denial-of-access claims take one of two forms: (1) forward-looking claims alleging "that systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time;" and (2) backward-looking claims alleging that an official action has "caused the

loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Waller*, 922 F.3d at 601 (citing *Harbury*, 536 U.S. at 413–14).

## ANALYSIS

Because Purdy alleges that Defendants' actions caused him to lose the opportunity to seek appellate review of Judge Rodriguez's order dismissing his federal habeas petition, the Court construes Purdy's complaint as raising a backward-looking claim.

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *Id.* at 62 (quoting *United States v. McRae*, 702 F.3d 806, 830–31 (5th Cir. 2012)).

Defendants contend that they are entitled to qualified immunity because Purdy fails to state a constitutional violation. They make only one argument—Purdy "does not allege any facts that he had a nonfrivolous underlying claim." In other words, they contend that Purdy has failed to demonstrate an actual injury. They insist that Purdy must plead facts to show that "[he] could have successfully argued [his] appeal if it had not been dismissed for failure to pay the filing fee." *See* ECF No. 28.

The Court disagrees.[4] "The very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 414–15 (2002). While the underlying cause of action must be addressed

---

[4]The Court has conducted an exhaustive review of the jurisprudence governing access-to-court claims. The substantive law governing such claims is vast and complex, and there are many ambiguities in it, particularly with respect to the factual detail an inmate must provide in his pleadings to plausibly show that his underlying claim is nonfrivolous. However, as previously noted, at this stage of litigation, any such ambiguities in the controlling substantive law must be resolved in the plaintiff's favor. *See Walker,* 938 F.3d 724 at 735. Moreover, if the Court were to adopt Defendants' position, it would arguably require the Court to conduct a de novo review of Judge Rodriguez's order dismissing Purdy's habeas petition. The Court does not have jurisdiction to reopen and review an action dismissed by another district court. *See Hopkins v. Eason*, 104 F. App'x 448, 449 (5th Cir. 2004) (citations omitted). That is the precise function of an appellate court.

by allegations in the complaint sufficient to give fair notice to a defendant, it generally need not be tried independently. *See id.* at 416.

The Fifth Circuit has, in several instances, found that an inmate's allegation that he merely lost an opportunity to seek a particular type of relief is enough to show an actual injury for purposes of stating a backward-looking claim. In doing so, the circuit did not address whether the inmate would likely prevail on his underlying claim for relief. *See, e.g., Brewer v. Wilkinson*, 3 F.3d 816, 826 (1993) (concluding that inmate had sufficiently alleged the element of legal prejudice for purposes of access claim by alleging that TDCJ mail-room employees' actions prevented his writ of mandamus form arriving at the district court); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) (prisoner's appeal of civil suit was dismissed for failure to timely file required affidavit; concluding that allegations that prison mailroom personnel deliberately delayed delivery of prisoner's papers stated cause of action under § 1983, since mailroom personnel should reasonably have known that delay would cause denial of right of access to courts); *Koch v. Foster*, 41 F.3d 663 (5th Cir. 1994) (suggesting that inmate would have pleaded sufficient facts to demonstrate prejudice for purposes of a backward-looking claim had he alleged "that any legal action was dismissed because of the delay, that he was unable to file an action, or that he missed any filing deadline due to the mishandling of his mail."); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (suggesting that inmate would have pleaded sufficient facts to demonstrate an actual injury had he alleged that prison officials' delay in processing his request to withdraw money from his prison account to file a civil-rights complaint prevented him from filing the complaint); *Boyd v. West*, 62 F.3 397 (5th Cir. 1995).

After reviewing the well-pleaded facts and ambiguities in the controlling substantive law in Purdy's favor and taking judicial notice of relevant public court records, the Court concludes that Purdy has sufficiently alleged a nonfrivolous claim to give fair notice to Defendants. Purdy specifically alleges that, because of Defendants' intentional delay in processing his appellate filing fee payment, he lost his opportunity to seek appellate review of Judge Rodriguez's order dismissing his federal habeas petition. He alleges that the Fifth Circuit

dismissed his appeal for failure to timely pay the $505 filing fee. Purdy provides the relevant case numbers and attaches a letter from the Fifth Circuit, confirming the reason for its dismissal of his appeal. In addition, Purdy attaches documents to his complaint, which reflect that (1) he made a timely request to withdraw funds from his inmate to pay the filing fee; and (2) there was an almost two-month delay before his request was returned to him with a note stating that it could not be processed because of a form deficiency. He did not receive notice of this deficiency until after the Fifth Circuit dismissed his appeal. And Purdy's effort to reinstate his appeal because of the delay was rejected by the Fifth Circuit. Under the cases cited above, the Court concludes that Purdy's factual allegations sufficiently identify a nonfrivolous underlying claim.

Moreover, in their motion, Defendants do *not* argue that Purdy has failed to plead sufficient facts to satisfy the remaining two elements necessary to state a plausible backward-looking claim. In other words, they do not, at this stage of litigation, argue that Purdy failed to plead sufficient facts to demonstrate that their actions frustrated his ability to litigate his appeal or that the remedy he seeks here is not available in another suit that may be brought.

Under these circumstances, the concludes that Purdy has pleaded sufficient facts to overcome Defendants' qualified-immunity defense *at this stage of litigation*. However, the Court expresses no opinion on whether Purdy will be able to overcome the defense if raised again in a motion for summary judgment or at trial.

Lastly, the Court concludes that Purdy's claims for injunctive relief—that he be released from TDCJ and relieved of his SORNA registration requirement—are habeas in nature and, therefore, not cognizable under § 1983. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

## CONCLUSION

For these reasons, Defendants' motion to dismiss is **DENIED** in part and **GRANTED** in part.

Purdy's § 1983 claims to recover monetary damages against Defendants remain pending before the Court. His claims for injunctive relief are **DISMISSED** as not cognizable under § 1983.

The Court will enter a scheduling order in due course.

**SO ORDERED** on this **15th day** of **December 2023.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE